IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:13-CR-35-D

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) **ORDER OF DETENTION PENDING** |
| | ) **TRIAL** |
| TERRANCE DISHON DANIELS, | ) |
| | ) |
| Defendant. | ) |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his godmother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 15 May 2013 with possession of a firearm by a convicted felon on 18 December 2012 in violation of 18 U.S.C. §§ 922(g) and 924. The evidence presented at the hearing showed that the charges arise from an incident on the offense date in which defendant (age 20) fired two shots using the handgun which is the subject of the indictment. In a statement to police, defendant said that he had become distraught upon

learning that his girlfriend might be pregnant and ran from the car in which he had been travelling to behind some houses. A homeowner who saw defendant ordered him to leave, threatening to release two dogs on him and telling defendant he, the homeowner, was going to get a gun. Defendant said he returned to the car; prayed to God for help, as is his usual practice; and the subject firearm appeared in his lap. Defendant then shot the gun out the car window.

When police later stopped the car in which defendant left the scene, he fled on foot. Police recovered the subject firearm on the ground outside the car. The gun contained three spent shells and two live rounds. The other three occupants of the car confirmed to police that defendant had done the shooting. Defendant had previously been convicted of at least one crime punishable for a term of imprisonment exceeding one year, assault with a deadly weapon inflicting serious injury (for which he received 20 to 33 months imprisonment), although he had also been convicted of felonious attempted larceny (for which he received a suspended sentence of 6 to 8 months imprisonment). In addition, at the time of the instant alleged offense, defendant was on probation for the attempted larceny conviction.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including defendant's discharge of the subject firearm, his commission of the offense while on state probation, and his flight from arresting officers; defendant's criminal record, including the two felony convictions noted, one misdemeanor conviction, revocation of his probation for the attempted larceny conviction two times, violation of his parole for the assault conviction, and commission of the misdemeanor offense while on

2

probation for the two felony convictions; the danger of continued gun-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the location of the proposed custodial home in the same community (*i.e.*, Williamston, N.C.) in which defendant has committed all his offense conduct and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's possession of some work history and his interest in pursuing his education, but finds that the factors favoring detention outweigh such evidence. In addition, although defendant argued that additional facts regarding the homeowner's conduct could tend to exonerate defendant, no convincing showing was made of that contention since defendant had retreated from the homeowner and his dogs to the safety of his car, and the offense with which defendant is charged for possession of the firearm, which appears to be undisputed.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 12th day of August 2013.

_____
James E. Gates
United States Magistrate Judge

4
Case 4:13-cr-00035-D   Document 17   Filed 08/12/13   Page 4 of 4